UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOE KOSULANDICH, on behalf of himself and others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) ) |
| ACADEMY, LTD., a Texas corporation, | ) ) ) |
| (Serve: Genetha Turner<br>        1540 North Mason Road<br>         Katy, TX  77449) | ) ) ) ) |
| And | ) ) |
| ACADEMY MANAGING CO., LLC, a Texas corporation) | ) ) ) |
| (Serve: Genetha Turner<br>        1540 North Mason Road<br>         Katy, TX  77449) | ) ) ) ) |
| Defendants. | ) |

Case No.  4:17-CV-848

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Comes now Joe Kosulandich, individually and on behalf of others similarly situated, by and through counsel, and for his cause of action against Defendants states as follows:

### INTRODUCTION

1. This is a Telephone Consumer Protection Act case, 47 U.S.C. §227 et seq., against Academy, LTD and Academy Managing Co., LLC (hereinafter jointly referred to as "Academy Sports & Outdoor") which seeks to secure redress for improper telemarketing to Plaintiff's cell phone, including several text messages.

2. Plaintiff seeks damages for himself and a class and an order enjoining future illegal telemarketing activity.

## VENUE AND JURSIDICTION

3. This Court has jurisdiction under 28 U.S.C. §§1331 and 1337.

4. Venue and personal jurisdiction in this District are proper because Defendants conducted business in this District and a substantial portion of the events that led to this cause occurred within this district.

## PARTIES

5. Plaintiff Joe Kosulandich is a natural person who is a citizen and resident of the State of Missouri.

6. Defendant Academy, LTD.. is a limited partnership organized and existing under the laws of the State of Texas with its corporate headquarters located in Katy, Texas. Defendant operates sporting goods stores in 225 locations in 16 states including locations within this District.

7. Defendant Academy Managing Co., LLC is a corporation organized and existing under the laws of the State of Texas with its corporate headquarters located in Katy, Texas. Defendant Academy Managing Co., LLC is the general partner of Defendant Academy, LTD.

## FACTS

8. Defendants promote its products by internet advertising and other media, including the use of text messages.

9. Wireless spam, or text message advertising, is a continuing problem that is growing in the United States, and often comes in the format of unwanted text messages directed to a

user's cell phones, including coupons and advertisements. According to at least one source, "57% of adults with cell phones have received unwanted or spam text messages on their phone." (Amanda Lenhart, Cell Phones and American Adults: They Make Just as Many Calls, but Text Less than Teens, Few Research Center (2010), see http://pewinternet.orgReports/2010/Cell-Phones-and-American-Adults.aspx.

10. In a recent effort to promote sale of its products, Defendants caused to be transmitted to Plaintiff and other consumers unauthorized text messages advertising the sale of Defendants goods and offering coupons for such goods.

11. Transmission of such text messages by Defendants is effectuated by broadcasting such messages to a large group of consumers through means of a Short Message Service, or "SMS" or similar device that alerts the recipient that a message has been received, typically by causing the recipients phone to ring or activate thereby alerting the consumer that a message or call has been received.

12. For instance, Plaintiff Kosulandich received a text message on January 30th, 2017 at 6:32 p.m. on his cellular telephone (telephone number xxx-xxx-3806) that stated the following:

    Academy: One of our favorite ways to enjoy the outdoors AND get some fitness in is bike riding! Visit our Bike Shop today and shop bikes starting at $49.99. http://clki.io/X7kx2m74pg.

13. Defendants sent and Plaintiff received other text messages as well that were similar to the one set forth above.

14. At no time did Plaintiff consent to receive such text messages from Defendants.

15. Plaintiff and the class have been substantially damaged by Defendants' text messages. Their privacy has been improperly invaded and they were charged for the texts and they

were annoyed.

16. Defendants' violations were willful, or alternatively such actions were knowing.

## CAUSE OF ACTION

### (Violation of 47 U.S.C. . § 227-Telephone Consumer Protection Act)

17. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

18. Defendants made unsolicited commercial text calls, including the message transcribed above, to the wireless telephone numbers of the Class. Each such text message call was made using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator, and to dial such numbers. By using such equipment, Defendants were able to effectively send text messages simultaneously to lists of thousands of wireless telephone numbers without human intervention.

19. These text calls were made *en masse* through the use of a short code and without the prior express consent of the Plaintiff and the other members of the Class.

20. Defendants have, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendants' illegal conduct, the members of the class suffered actual damages by, *inter alia*, having to pay their respective wireless carriers for the text messages where applicable and, under section 227(b)(3)(B), are each entitled to, *inter alia,* a minimum of $500.00 in damages for each violation of such act.

21. Because Defendants had knowledge that Plaintiff and the Class did not consent to the receipt of the aforementioned wireless spam, the Court should, pursuant to section 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the Class.

## CLASS ALLEGATIONS

22. Plaintiff brings this claim on behalf of a class defined as follows:

    All persons who on or after March 1st, 2013, received one or more unauthorized text message advertisements from Defendants.

23. The class is so numerous that joinder of all members is impractical.  Upon information and belief, Plaintiff alleges that there are more than 40 members of the class.

24. There are questions of law and fact common to the class which predominate any questions affecting an individual class member.  The predominate common questions include:
    a. Whether Defendants utilized and automatic dialing system as defined within the TCPA and applicable FCC regulations in order to send the text messages at issue; and
    b. The amount of damages, including whether Defendants' violations were negligent, willful or knowing.

25. Plaintiff will fairly and adequately protect the interest of the class.  Plaintiff has retained counsel experienced in handling class actions and other complex civil litigation.  Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

26. A class action is an appropriate method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims is small because it is not economically feasible to bring individual actions.

27. Class action treatment is superior to the alternatives for fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously and without duplication of effort and expense that numerous individual actions would entail.

28. Defendants have acted on grounds generally applicable to the class, thereby making relief

appropriate with respect to the class as a whole.  Prosecution of separate actions by individual members of the class would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

WHEREFORE, Plaintiff Joe Kosulandich, on behalf of himself and the Class, prays for the following relief:

    A. An order certifying the Class as defined above;

    B. An award of actual and statutory damages;

    C. An injunction requiring Defendants to cease all wireless spam activities;

    D. An award of reasonable attorneys' fees and costs; and

    E. Such further and other relief the Court deems reasonable and just.

### JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

 /s/ Jonathan E. Fortman
JONATHAN E. FORTMAN #43019MO
Law Office of Jonathan E. Fortman, LLC
250 St. Catherine Street
Florissant, Missouri  63031
Ph# (314) 522-2312
Fax:  (314) 524-1519
Email:  jef@fortmanlaw.com

-and-

THE KRESS LAW FIRM, LLC
John C. Kress  #53396MO
4247 S. Grand Blvd
St. Louis, MO  63111
jckress@thekresslawfirm.com

-and-

       STEVE A. MILLER, PC
       Steve A. Miller  #8758CO
       1625 Larimer Street, No. 2905
       Denver, CO 80202

       ATTORNEYS FOR PLAINTIFF